IRVING BLOOM, Appellant, *v.* ABRAM BLOOM COMPANY, INC.,
Respondent.

First Department, November 12, 1920.

**Sales — evidence of trade custom — failure to object to testimony as
to conversations at time of execution of written contract — appeal.**

Where in an action to recover a balance of the purchase price of a certain
quantity of silk thread the defendant alleges that under the written con-
tract of sale and under the custom and general usage of such trade the
silk thread was sold in equal proportions of what is known as right and left
twist threads, while the thread delivered by the plaintiff had a large excess
of left-hand twist which was rejected by the defendant who counter-
claimed for an overpayment, it was not error to allow parol testimony as to
conversations which accompanied the making of the contract tending to
show that the goods were sold " as is," where there was no objection by
the defendant to such testimony.

Said error cannot be raised for the first time upon appeal upon the theory
that it tended to vary the terms of a written contract.

APPEAL by the plaintiff, Irving Bloom, from a determination
and order of the Appellate Term of the Supreme Court,
made on the 28th day of October, 1919, reversing a judgment
and order of the City Court of the City of New York and
ordering a new trial.

*Francis M. Scott* of counsel [*Morse S. Hirsch* with him on
the brief], *Morris & Samuel Meyers*, attorneys for the
appellant.

*Abraham I. Spiro*, for the respondent.

GREENBAUM, J.:

The action was brought to recover the sum of $1,996.60
as the balance of the purchase price of 680 pounds of certain
silk thread under a written contract of sale which reads as
follows:

" We, Irving Bloom & Co., agree to sell to Abram Bloom
Co., Inc., and Abram Bloom Co., Inc., agrees to purchase of
Irving Bloom & Co. about 800 to 1100 pounds of 3 Thread
Canton Crepe on spools as sample spools delivered at $7.25

net cash per pound. About 300 pounds to be shipped at once. Deposit of $1250 is hereby acknowledged. To be shipped Express Collect Mill and Market St., Paterson, N. J. All shipments to be delivered in full to Express Co.

"Abram Bloom & Co. shall have right to cancel balance of order within 5 days after receipt of initial shipment of about 300 pounds in writing at the office. All other shipments to be made same manner of deposit, etc.

"IRVING BLOOM & CO.

"I. BLOOM.

"ABRAM BLOOM CO., INC.,

"ABRAM BLOOM, *Treas.*"

The defendant in its answer sets up by way of a defense and counterclaim that under the written contract and under the custom and general usage in the trade the silk thread in question was sold and agreed to be delivered in equal proportions of what is known as right and left twist threads. The delivery upon which this action is based consisted of 201 pounds of right twist and 487 pounds of left twist, being an excess of 286 pounds of left twist.

It is undisputed that the defendant paid to the plaintiff the sum of $3,000 on account of the thread thus delivered and retained the 201 pounds of right twist and a similar amount of left twist and rejected the 286 pounds excess of left twist.

It also appears that the value of the portion of the goods retained by the defendant amounted to $2,921.75 and that defendant counterclaimed for $78.25, the sum alleged to have been overpaid by the payment of $3,000.

The jury found a verdict for the plaintiff for the full amount claimed. The Appellate Term of this court reversed the judgment and ordered a new trial upon the ground that "over defendant's appropriate objection" parol evidence was offered by the plaintiff in contradiction of the terms of the written contract to the effect that the goods in question were sold "as is" and not upon the understanding claimed by the defendant, namely, that the goods were to be one-half of right twist and one-half of left twist.

We are of opinion that the learned Appellate Term fell into error in stating that plaintiff was permitted to testify "over

defendant's appropriate objection   *  *  *   to conversations accompanying the making of the contract." A reading of the record on appeal discloses that no objections of any kind were made to the admission of these conversations. It is true that in the early part of plaintiff's testimony, after he had stated that the goods were sold without any guaranty as to twist, defendant's counsel said: " I submit the contract is in writing and all conversations are merged in the writing," and that the court thereupon replied: " There can be no conversation to contradict the writing, but the negotiations may be testified to as long as they do not contradict the writing." In other words, the counsel for the defendant and the learned court were apparently in accord. Thereupon the witness proceeded to detail the conversations tending to show that the goods were sold " as is," without the slightest objection on the part of the defendant's counsel, who thereupon cross-examined the witness in respect to his assertions that the sale was one " as is."

Subsequently the defendant submitted testimony in rebuttal of these conversations. The court then charged the jury, without objection on defendant's behalf, that a question of fact was presented as to whether the goods were sold " as is " or as claimed by defendant. The jury by its verdict found that the plaintiff's version of the sale was correct.

It is too late now to urge that the evidence in the respects indicated tended to vary the terms of the written contract and it would be merely a moot question to discuss what the effect would have been, had timely and appropriate objection been made and exceptions taken to the admissibility of the proof which is urged upon appeal as incompetent.

It also follows that it is wholly unnecessary here to consider whether the learned trial justice erred in declaring the law of the case to be that the defendant's acceptance of the portion of the goods delivered made it liable in the first instance for the payment of all the goods delivered under the contract inasmuch as the defendant was permitted to have its counterclaim for damages considered by the jury should they find that the defendant's version of the contract was correct.

It further follows that it will serve no useful purpose now to pass upon the question of custom which is discussed upon the briefs of counsel, not only because the parties left it to

the jury to say what the contract was, but for the further reason that the testimony as to custom, although not controverted by plaintiff, was of the most unsatisfactory, unreliable and unconvincing character.

The determination of the Appellate Term must be reversed, and the judgment in behalf of the plaintiff reinstated, with costs in both appellate courts.

CLARKE, P. J., LAUGHLIN, DOWLING and SMITH, JJ., concur.

Determination reversed and judgment of the City Court affirmed and reinstated, with costs to appellant in this court and in the Appellate Term.